# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Claudia Calcelia,

    Plaintiff,

v.

Northstar Location Services, LLC,

    Defendant

Civil Action File No.:

**COMPLAINT WITH**
**JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Claudia Calcelia, is a natural person who resides in Henry County, Georgia.

2. Defendant, Northstar Location Services, LLC, is a limited liability corporation authorized to do business in Georgia and can be served through its

1

registered agent, C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046-4805.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 52-year-old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt in the form of a deficiency balance following the repossession and sale of a vehicle she had purchased for her personal use. Plaintiff is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of the consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

14. On April 21, 2021 the Defendant sent the Plaintiff a letter seeking to collect the sum of $4,901.21 on behalf of its principal, Ally Financial (hereinafter referred to as "Ally").

15. Upon information and belief, Defendant is seeking to collect from the Plaintiff a deficiency balance following the repossession and sale of a motor vehicle.

16. Georgia law requires a creditor who would seek a deficiency following the repossession and sale of a vehicle to perform specific conditions-precedent including the issuance of a statutorily mandated writing to the Debtor within 10 days of a repossession. This writing is commonly referred to as a "Notice of Intent to Sell". See, O.C.G.A, § 10-1-36.

17. A creditor's failure to comply with the requirements of the Georgia statute as they relate to the production and delivery of this writing is an absolute bar to the recovery of any deficiency. *Bryant Int'l, Inc. v. Crane*, 188 Ga. App. 736, 374 S.E.2d 228 (1988).

18. The Plaintiff did not receive a letter from Ally that complied with the requirements of O.C.G.A. 10-1-36.

19. Upon information and belief, neither the Defendant nor the creditor at time of repossession complied with O.C.G.A. § 10-1-36.

20. Accordingly, both the creditor for whom it is collecting and the Defendant are precluded from seeking any such recovery as a matter of law.

21. At all times relevant to this action, Defendant knew or should have known that the requirements of O.C.G.A. § 10-1-36 had not been met and that it was unlawfully attempting to collect an unenforceable claim.

22. Defendant has falsely communicated and represented that Plaintiff is legally obligated to pay the amount it seeks.

23. The Fair Debt Collection Practices Act provides an indisputable means by which a consumer may discontinue most communications from a collector, thereby preserving their peace. 15 U.S.C. § 1692c.

24. The act states specifically, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, or if the consumer wishes the debt collector to cease their communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c). The statute further provides three exceptions related to future communications that include the debt collector advising the consumer that further efforts are being terminated, that the collector may invoke specified remedies which are ordinarily invoked by such a debt collector, or that the debt collector intends to invoke a specified remedy.

25. On May 6th, 2021, the Plaintiff caused to be mailed to the Defendant a letter advising the Defendant that she would not be making a payment on the account in collection. A copy of this letter is filed herewith as Exhibit 1.

26. The Plaintiff's letter was delivered to the Defendant per United States Postal Service on May 11th, 2021 at 10:05 a.m.

27. Notwithstanding the written notice provided to the Defendant described herein, Defendant continued to contact the Plaintiff. Specifically, On May 24th, 2021 Defendant caused to be mailed to the Plaintiff another letter seeking to collect the $4,901.21 it alleges is owed by the Plaintiff to Ally Financial. A copy of this letter is filed herewith as Exhibit 2.

28. The Defendant's letter of May 24th was not subject to any of the exceptions set forth in 15 U.S.C. § 1692c(c).

29. The Defendant's letter contained highly sensitive and personal information related to the Plaintiff, including a) the Plaintiff's name and address; b) the name of the Plaintiff's creditor; c) that the Plaintiff had a debt; d) the exact amount alleged to be owed; e) that the debt was in default; and f) that the debt was being collected by a collection agency.

30. The letter received by the Plaintiff shows an Intelligent Mail Barcode (IMB) just above the address of the Plaintiff. (The IMB code has been highlighted on Exhibit 2 for ease of reference.)

31. IMBs are used by the United States Postal Service and contain information that includes the name and other identifying information of the actual sender of the item.

32. The IMB displayed on the collection letter received by the Plaintiff, when decoded, reveals that the sender was not the Defendant, but rather Matrix Imaging Solutions ("Matrix") a mailing service that has no relationship with the Defendant other than that of a service vendor.

33. The Plaintiff believes and therefore avers that the Defendant communicated the personal information regarding the Plaintiff and her debt to Matrix in connection with the debt being collected and for the express purpose of facilitating that collection.

34. The transmission of this information by the Defendant was an invasion of the Plaintiff's privacy.

35. Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt

collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b).

## INJURIES-IN-FACT

36. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

37. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

38. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

39. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

40. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization of her making payments to resolve legitimate debts; the Defendant violated the Plaintiff's statutory right to be free of collection communications; and the Defendant's communication of the Plaintiff's personal information violated a clear statutory right and was an invasion of Plaintiff's individual privacy.

41. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

42. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) Disturbance of the Plaintiff's peace and her right to be free of communications from the Defendant;

d.) The Plaintiff suffered a violation of her right to privacy.

e.) Anxiety and worry caused by concern that Defendant was going to continue to contact her regarding the debt and would continue to disseminate private and sensitive information to third parties. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.S.C. § 1692c and subparts*

43. The communication from the Defendant of May 24th 2021 violated 15 U.S.C. § 1692c(c).

44. Defendant's communication of Plaintiff's personal information to Matrix as described herein was a violation of 15 U.S.C. § 1692c(b). See, *Huntstein v. Preferred Collection and Management Services, Inc.*, No. 19-14434 (11th Cir. April 21, 2021)

### *Violations of 15 U.S.C. § 1692e and its subparts*

45.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

46.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

47.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

48.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

49. There is no debt, as a matter of law, by virtue of the Defendant's principal having failed to comply with the mandates of O.C.G.A. § 10-1-36.

50. Thus, each and every contrary representation made by Defendant is a violation of §§ 1692e, 1692e(2)(A), and e(10).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

51. Plaintiff incorporates by reference paragraphs 1 through 49 as though fully stated herein.

52. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

53. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

54. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

55. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

56. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

57. Defendant's conduct has implications for the consuming public in general.

58. Defendant's conduct negatively impacts the consumer marketplace.

59. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

60. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

61. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

62. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

63. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 7th day of June, 2021.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*